Edie Cunningham of the Federal Defender's Office on behalf of Mr. Hernandez. Mr. Hernandez' prior conviction for Wisconsin third-degree sexual assault does not qualify as a forcible complainant's incapacity to consent for reasons other than age. And second, age alone can satisfy the without-consent element in violation of CACERUS OIA under Wisconsin law. Yes, Your Honor. Yes, Your Honor. Additionally— Really, before we get there, you've really got to say whether this is divisible, whether it isn't divisible, so we know whether we're going to use, don't we? Yes, Your Honor. The Wisconsin statute is indivisible with regard to age and without—excuse me—with regard to without-consent element. That was argued in the briefs and the government did not dispute that, but on the face of the statute, it is apparent because consent is defined as words or overt actions by a person competent to give informed consent. So is your view that Mendez was wrongly decided? Your Honor, Mendez was submitted on the briefs. This argument was not raised in the briefs. Neither of these arguments were raised in the briefs, and so therefore, first of all, it's unpublished, so it's not binding, but the issues were not addressed. So under United States v. Johnson, which is an en banc case in this Court, it is not binding on this Court in any way because it did not address the issues. I'll start with the mens rea argument. Under Rodriguez-Guzman, this Court looks to the Model Penal Code, treatises, and the law in the majority of states to determine the generic definition of a crime. The Model Penal Code requires knowledge with regard to the complainant's lack of capacity to consent, as do the majority of jurisdictions in the country, as explained by LaFave. And LaFave actually goes further and says even in the states that don't require a mens rea, some general mens rea provision will likely kick in. But we know that that is not true in Wisconsin because several courts have ruled that this is a strict liability crime, third-degree sexual assault. I should point out that another section of the Wisconsin statute, second-degree sexual assault, does require a mens rea. So this is a very narrow sliver of the Wisconsin statute. Also in Federal law, under 18 U.S.C. 2242, a knowing mens rea is required. And there is a presumption that there should be a scienter requirement in these kinds of cases because otherwise we're punishing people for things that they reasonably believe are legal. Somebody can be drunk and a person can reasonably not know that they're so drunk that they can't consent. Or someone can have some developmental disabilities and somebody can reasonably not know that. That's why, as explained in United States v. Brookwire, it's so important to have a scienter requirement, and the Supreme Court has repeatedly said that. I'm going to back up one a little bit. Yes, Your Honor. I appreciate where you're going, and if I'm going to suggest that certainly this statute is indivisible, then I have to do the categorical approach, and you're really at the categorical approach, and I think you have good arguments when you get there. So I'm going to back you up just a little. Thank you, Your Honor. Why is it divisible? It alternatively prescribes sexual intercourse or sexual contact in the statute. Yes, Your Honor. That is not an issue in our case. Our case involves sexual intercourse. It may well be divisible in that regard, but what is at issue here is the without consent element, and that element is indivisible, if that answers your question. That's what I wanted to make sure. I understood your argument. Yes, Your Honor. And I would like to briefly address the age argument as well. Wisconsin's The statute itself is silent about whether age can qualify, but Wisconsin case law makes clear that age alone is enough, and that is State v. Harrell and State v. Thomas cited in the briefs. State v. Thomas is particularly instructive because it says that the factual basis for third-degree sexual assault can be based on the fact that the minor is under 16, and it cites a Wisconsin Supreme Court case that says minors are legally incapable of consent. So Thomas shows that the Wisconsin court applies the statute in this non-generic manner because under Caceres-Olya, age alone is not enough to establish incapacity to consent. I understand that this defendant pled down. Yes, Your Honor, he did. But the only instances, as I understand it, where this has been applied in this context has been in the context of a plea. There was not an original charge in the statute. Is that correct? Those are the only cases I've been able to find. We know of, yes. Yes, Your Honor, but Is that good enough? Yes, it is, because under Duaneus Alvarez, all Mr. Hernandez has to do is to point to his own case or other cases where it's been applied in this manner, and a plea is a conviction. And he's done so. And as I pointed out in the briefs, it appears that the likely basis for the factual basis here was age, because at the very beginning of the colloquy, the judge asked the state prosecutor the elements, and she said, sexual intercourse without consent. There's no consent here because the victim's under 18. And if there are any more questions, or I'll reserve the rest of my time. No questions. Thank you, Your Honor. Good morning, Your Honors. Josh Ackerman, appearing on behalf of the United States. May it please the Court, in this matter, Judge Zips did exactly what this Court and the Supreme Court have told her to do. She went through a correct categorical analysis. She compared the generic definition that this Court has put out to the black and white text of the Wisconsin statute, and she found that it did, in fact, constitute a... Well, what do we do with the fact that in Duenas-Alvarez, the Supreme Court was talking about how the statute is applied? I think, Your Honor... I'm sorry, Your Honor? That's the language it used. Yes, Your Honor. I think that in the case, how the statute was applied in Wisconsin, I think it was actually applied . . . it wasn't applied in quite the way that the defense makes it out. The Harrell and Thomas cases, which seem to be sort of the crux of the issue, that actually . . . there are some ways that those situations are very different from what happened in the case of this gentleman. Harrell, which is from 1994, and then Thomas, which is an unpublished decision from 2007, what they lay out is that Wisconsin has a process where somebody can plead no contest. In this case, this gentleman didn't plead no contest. He pled guilty. He actually pled guilty, not no contest. You can plead no contest in Wisconsin to third-degree sexual assault in exchange for dismissal of the statutory rape charge, which is, in Wisconsin, not a greater, lesser offense relationship. The Wisconsin court in Harrell lays out, and there are some pains to do this, that third-degree sexual assault is a less serious charge that's reasonably related, for various historical reasons, to the statutory rape charge in Wisconsin. But it's not, and the court is very explicit about this, a lesser-included offense. And it's a no-contest plea. And what the court in Harrell, and then if you look at in Thomas, they itemize out where this has kind of become a common practice, or I don't know if that's a common, but it's a process that you can do in Wisconsin. The issue in all of those, which are no-contest pleas, is that a factual basis is made to the more serious but related charge, and the court takes it ipso facto that a factual basis must exist for the lesser charge. They don't go through and say that they're taking, in fact, they explicitly say so in Harrell. They're not adding, quote, we do not go so far as declaring that the fact that the victim was under 13 years of age provides a factual basis for lack of consent. And that's what they say in 1994, and then that continues on up through the unpublished Thomas decision. And what Thomas is all about, Thomas is dealing with this process, and then the Thomas court is going on and saying that you cannot take a Harrell plea in Wisconsin pursuant to Alford. You can only do it pursuant to a no-contest or a no-low contendere plea. And so— Well, the biggest problem that I have with your argument, and I guess you'll have to help me, seems to me that what I am allowed or what I'm supposed to do with the categorical approach is I'm just supposed to compare statutes. I'm not supposed to be into what does this case do, what does that case not do. I'm supposed to compare statutes. And if I compare the statutes and I compare what the Wisconsin court will do with the statute, then at that point, if it's not something that can equal what's in the generic, then there's no categorical match. And, Your Honor, I would agree with what you're saying there. What you have, though, with Harrell and Thomas, and this is why I think the defense raised this point, is you have—if you just take the text of the statute and the generic, which this Court laid out in Quintero most recently in 2014, it is an element-by-element, apples-to-apples comparison. What the Wisconsin court did in Harrell was actually make clear that they weren't adding anything onto it. The statute is what the statute is. I can read Harrell as saying we're not adding that the added age of the victim is important? Absolutely, Your Honor. And the Harrell court specifically says that. They specifically say that, that they are not adding age of consent to it. They're simply saying that because you've made out a factual basis to a more serious crime, we're going to allow you to plead no contest to third-degree sexual assault. They're not saying we're adding an element. In fact, they go in on page 420 and say, quote, we do not go so far as declaring that the fact that the victim was under 13 years of age provides a factual basis for lack of consent, end quote. And they maintain that position through at least as far as 2007 when the unpublished Thomas decision. So they have not added an element. They've created just a plea bargaining process to deal with people who are charged with more serious crimes who then want to plead to a different charge. They're not adding anything at all to that statute. That statute is still what it is and what it's been for years. Well, that's why I wanted to question you. It doesn't seem to me really whether this defendant pleads guilty or whether this defendant pleads NOLO has anything to do with what I have to do today. What I have to do today is look to see if the statutes categorically match. And that's why I ask you the question. Well, I think they do when laid side by side. And I think that the reason the NOLO matters, Your Honor, and it's not the main crux of the argument, but I do think it's a point that needs to be made and understood, is that in Wisconsin, the only way you get into this whole herald process is doing that NOLO plea. They haven't approved it even for an Alford plea. And this defendant didn't go down the herald path at all. He pled guilty. Now, there's the party to the crime issue, but he did not plead NOLO contendere. He pled guilty. And so what he pled guilty to was that statute. So he was convicted under that statute. Yes, he was, Your Honor. And the discussion of the elements by the prosecutor, and that's all that was in that transcript, that's not binding on the court. What's binding on the Wisconsin court was their statute. The prosecutor stated that in terms of the factual basis, but that's not actually what happened. What the prosecutor was describing was a herald plea. This defendant didn't enter a no contest. He's asked a couple times in a row in that transcript whether or not he's pleading guilty or not. And the judge in Wisconsin was at pains to make sure that he said guilty and that it was a guilty plea. In page 65 of the excerpt of record, page 65, it starts, or 64, I've got double numbers here, the court, well, I know you seem to be having some misgivings here, but do you understand that that's what you would be pleading guilty to and admitting to if you pled guilty? The defendant, yes, sir. The court, all right. Understanding that, what is your plea to the amended charge in count one? The defendant, guilty, sir. The court, guilty, yes, sir. So there is no use of that herald process, and even if there was, herald hasn't added an element. The statute is what it is in black and white, and there's nothing in Wisconsin case law showing that any court in Wisconsin has grafted on some new element there that would turn this into simply the age of the victim. It's worth noting, I think, because in that lengthy transcript that there was some discussion later on that the victim in that matter was developmentally delayed, in which case then you get into the incompetent inability to consent. Well, you seem to be arguing that they had to add an extra element to it, and I'm just wondering how you interpret. He was still convicted of it, so they still used the statute in order to support a conviction, and so I'm just wondering what you do with Duenas-Alvarez and how we're supposed to apply that here. Well, Your Honor, I think that specifically with regards to the defendant's plea and the use of that statute, what they've done is he's gone and he's pled guilty. They've laid out a set of facts. Actually, the judge in Wisconsin laid out the set of facts that the defendant pled guilty to, and the way that the Duenas court goes, Your Honor, I think that if you look at that entire list in there, I think that what he did falls within what the Supreme Court is approving there. Thank you. Thank you, Your Honor. I understand your argument. We will hear from the defendant. Just a couple of points, Your Honors. First of all, it's clear from the text of the statute that there's no mens rea required with regard to incapacity to consent, so my colleague's arguments don't apply to that mens rea argument that I first made. With regard to the age argument, I would ask the court to look at Thomas. It is unpublished, but Duenas-Alvarez allows the court to look at, and actually requires the court to look at unpublished opinions to see how the courts have interpreted the statute, and it says a factual basis for the element of lack of consent existed because she was less than 16 years old. That's in paragraph 8, and it cites to proper versus state, which is a Wisconsin Supreme Court case, which says that minors lack the capacity to consent. Also, I would point out that although . . . So you're suggesting that happens outside the circumstances of a different plea? What he's arguing, as I understand, is that Thomas and . . . what was the other case? Thomas and Harrell arrive out of the same kind of a plea, and only with that plea is one allowed such knowledge of age, and that be a circumstance. Well, Your Honor, the Wisconsin Supreme Court case that they cite is from 1893, so I don't think those kinds of considerations were at play there, and I will also emphasize that it is relevant that the prosecutor said to the judge this lack of consent element is based on being under 18. That's what the parties understood the elements to be, and in reviewing Wisconsin law, I'll agree that this is a matter of confusion, and one of these days the Wisconsin Supreme Court hopefully will clear it up, but right now our task is to determine how the statute's been applied, and it has been applied where age is the only basis. Also, there's been no response with regard to the mens rea argument, the generic definition of a forcible sex offense in the overwhelming majority of jurisdictions, federal jurisdictions, the model penal code, all require a mens rea of knowingly, and the Wisconsin statute clearly does not on the face of the statute, which is made clear by 939.23, that's a Wisconsin statute on mens rea that makes it clear that there is no mens rea in the third-degree sexual assault statute. And also, under this Court's recent decision in Marcia Acosta, anything that was said at the change of plea hearing that was not assented to by the defendant can't be considered, and he didn't assent to anything because my client maintained his innocence of anything at this hearing, and that is why this plea agreement came about, is because he had an alibi, there was conflicting DNA evidence, so this really was an Alford-type plea situation. And if there are no other questions, I'll submit. No questions. Thank you, counsel, for your argument. Case 14-10253 is submitted.
judges: Gleason, Schroeder, Smith